# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Ronald Reed,<br><br>　　　　　Petitioner,<br><br>v.<br><br>Jesse Pugh, Acting Warden Rush City Correctional Facility, Minnesota,<br><br>　　　　　Respondent. | Civ. No. 19-1792 (NEB/BRT)<br><br><br><br><br>**REPORT AND RECOMMENDATION** |

Petitioner Ronald Reed was convicted in 2006 after a jury trial in state court on counts of first-degree murder and conspiracy to commit first-degree murder for the 1970 shooting of a St. Paul, Minnesota, law-enforcement official. *See State v. Reed*, 737 N.W.2d 572, 578 (Minn. 2007). Reed later sought federal habeas corpus relief from his conviction; that petition was dismissed with prejudice and on the merits. *See Reed v. Symmes*, No. 08-CV-4998 (PJS/RLE), 2010 WL 1995607 (D. Minn. May 18, 2010).

In June 2019, Reed submitted a request for authorization to file a second or successive habeas corpus petition with the United States Court of Appeals for the Eighth Circuit. *See* 28 U.S.C. § 2244(b). On July 9, 2019, while that request was still pending before the Eighth Circuit, Reed filed the habeas petition now before the Court under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

On November 5, 2019, the Eighth Circuit denied Reed's request for authorization to file a second or successive habeas petition. (*See* Case No. 08-CV-4998, Doc. No. 35.,

1

Successive 2255 USCA J.) Without prior authorization from the appellate court, Reed cannot prosecute a second or successive habeas corpus action challenging his conviction or sentence. *See* 28 U.S.C. § 2244(b)(3). The only question remaining is whether Reed's petition is "second or successive" within the meaning of § 2244(b). This Court concludes that it is and therefore recommends dismissal of this matter for lack of jurisdiction.

"Although Congress did not define the phrase 'second or successive,' as used to modify 'habeas corpus application under section 2254,' . . . it is well settled that the phrase does not simply 'refe[r] to all § 2254 applications filed second or successively in time.'" *Magwood v. Patterson*, 561 U.S. 331–32 (2010) (quoting 28 U.S.C. § 2244(b); *Panetti v. Quarterman*, 551 U.S. 930, 944 (2007)). Relying on *Magwood* and similar cases, Reed argued before the Eighth Circuit that his petition was not, in fact, "second or successive" within the meaning of § 2244(b) because the claims in his now-pending habeas petition depend upon newly discovered evidence not available to him at the time of his first federal habeas action. But petitions raising claims based on newly discovered evidence are not among those that fall outside the rubric of being second or successive. *See, e.g.*, *Crawford v. Minnesota*, 698 F.3d 1086, 1090 (8th Cir. 2012); *Brown v. Muniz*, 889 F.3d 661, 668–73 (9th Cir. 2018) (distinguishing claims involving "a 'factual predicate' that existed but could previously 'not have been discovered,'" which require authorization, and claims "involv[ing] no previously existing 'factual predicate' *at all*," which do not.). Indeed, § 2244(b)(2)(B) expressly contemplates that certain second or successive petitions will be premised on a "factual predicate [that] could not have been discovered previously through the exercise of due diligence"—the exact circumstance

that Reed alleges to have occurred in this matter—but that provision nevertheless requires that authorization be granted by the appellate court for such petitions before a district court may consider them. And here, as explained above, the Eighth Circuit declined authorization to proceed in this instance.

Accordingly, the Court lacks jurisdiction over Reed's habeas corpus petition. It is therefore recommended that the petition be dismissed without prejudice and that no certificate of appealability be issued.

### RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. The Petition for Writ of Habeas Corpus (**Doc. No. 1**) be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

2. No certificate of appealability be issued.


Date: November 21, 2019.          *s/ Becky R. Thorson*_____
                                  BECKY R. THORSON
                                  United States Magistrate Judge


### NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals. Under Local Rule 72.2(b)(1), a party may file and serve specific written objections to this Report within **fourteen days**. A party may respond to those objections within **fourteen days** after service thereof. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).
Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).